UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD E. FLYNN,

        Petitioner,

v.                                                                            CASE NO. 09-14503
                                                                   HON. DENISE PAGE HOOD

STATE OF MICHIGAN DISTRICT COURTS,
CITY OF WAYNE, MICHIGAN, and
CITY OF DEARBORN HEIGHTS, MICHIGAN,

        Respondents.
_____/

## ORDER DISMISSING HABEAS CORPUS PETITION, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner Donald E. Flynn has filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. The habeas petition consists of one sentence, which reads:

> The purpose of this WRIT is to move the body of the above petitioner and the two cases before a Federal Judge for the reason of a NINTH AMENDMENT violation by the Respondents and a violation of law regarding a Challenge of Jurisdiction and incarceration in the Wayne County Jail.
>
> Title 28 US Code Section 2254

Pet. at 1.

This statement and the fact that Petitioner is confined in the Wayne County Jail leads the Court to believe that Petitioner may be a pretrial detainee. Although federal courts may "consider pretrial habeas corpus petitions, [they] should abstain from the exercise of that jurisdiction if the issues raised in the habeas petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th

Cir. 1981).

> Intrusion into state proceedings already underway is warranted only in extraordinary circumstances. Thus the doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes.

*Id.*

Petitioner's jurisdictional and constitutional claims can be resolved in the state courts. He has not shown that he exhausted any state court remedies for his claims or that some extraordinary circumstance warrants intrusion into the state proceedings already underway. Accordingly, the petition for writ of habeas corpus [Docket #1, Nov. 17, 2009] is **DISMISSED** without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.")

The Court declines to issue a certificate of appealability because reasonable jurists would not debate whether the Court's procedural ruling is correct or whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If Petitioner nevertheless chooses to appeal this decision, he must pay the appellate filing fee because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B).

Accordingly,

IT IS ORDERED that Petitioner's Motion for Release from Jail and Expedite Pre-Trial Hearing [**Docket No. 2, filed on December 11, 2009**] is MOOT.

IT IS FURTHER ORDERED that Petitioner's Motion for Hearing [**Docket No. 3, filed on**

**January 15, 2010**] is MOOT.

IT IS FURTHER ORDERED that Petitioner's Motion to Correct Documents [**Docket No. 4, filed on January 15, 2010**] is MOOT.

          S/Denise Page Hood  
          Denise Page Hood  
          United States District Judge

Dated: February 11, 2010

I hereby certify that a copy of the foregoing document was served upon Donald E. Flynn, Reg. No. 2009032122, Wayne Count Jail - Division One, 570 Clinton St., Detroit, MI 48226 on February 11, 2010, by electronic and/or ordinary mail.

          S/William F. Lewis  
          Case Manager